**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————————————

No. 02-1271

UNITED STATES,

Appellee,

v.

ALBERTO SOTO-LARA,

Defendant, Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

———————————————

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

———————————————

Raymond E. Gillespie on brief for appellant.
Michael J. Sullivan, United States Attorney, and Heidi E. Brieger, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

———————————————

March 17, 2003

———————————————

**Per Curiam**.  Alberto Soto-Lara pleaded guilty to participating in a cocaine distribution conspiracy.  He now appeals his sentence, contending that the district court erred by increasing his offense level on the ground that Soto-Lara was a leader or organizer of criminal activity that involved five or more participants.  See U.S.S.G. § 3B1.1(a) (Nov. 2001).  Soto-Lara concedes that he cannot "seriously challenge" the district court's finding that five or more participants were involved in the criminal activity.  His appeal turns on whether the district court's findings and the underlying record adequately support the conclusion that Soto-Lara acted as a "leader or organizer."  Factors a court should consider in distinguishing a leadership and organizational role from one of mere management or supervision "include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the nature and scope of the illegal activity, and the degree of control and authority exercised over others...." See U.S.S.G. §3B1.1, comment. note 4.

We review for clear error, see, e.g., United States v. Patrick, 248 F.3d 11, 26 (1st Cir. 2001), cert. denied, 122 S. Ct. 1215 (2002), and find none.  Soto-Lara concedes that the record supports the conclusion that he exercised decisionmaking

-2-

authority and control with respect to the March 30, 1999 transaction that resulted in the arrest of one of his couriers (Carmona). In that instance, Soto-Lara provided Carmona with a Nissan Pathfinder which concealed one kilogram of cocaine, as well as instructions regarding the time, place, and recipient of the delivery. Those of higher rank in drug distribution conspiracies frequently use subordinates as go-betweens to limit their own apparent involvement. See United States v. Brown, 298 F.3d 120, 122 (1st Cir.)(affirming 2-level role in offense enhancement), cert. denied, 123 S. Ct. 710 (2002). The record supports an inference that Carmona and the three other participants that the district court identified were at Soto-Lara's "beck and call" for just this purpose. And, contrary to Soto-Lara's contention on appeal, we think that there is sufficient evidence of the other factors listed in § 3B1.1, comment. n.4, to support the Leader/Organizer adjustment.[1]

---

[1] Apart from the authority and control that Soto-Lara exercised over Carmona with respect to the March 30, 1999 transaction, the district court supportably found that the conspiracy was "extensive," as it spanned two states and was operative for at least three years. There was further evidence that Soto-Lara "ma[de] all the decisions," such as who was allowed to sell larger quantities of cocaine for him, and who deserved free cocaine as a reward for generating a lot of sales. The record also suggests that Soto-Lara retained a greater share of the profits from the cocaine sales that he made to Louis Asermely and that he supplied various cars to the conspiracy to enable his couriers to evade detection. Although the district court did not refer to all of this evidence, we may affirm if "the reasons for the judge's choice are obvious or if the record as a whole provides an explanation." United States v. Medina, 167 F.3d 77, 80 (1st Cir.

To be sure, it appears that after Soto-Lara's arrest his codefendants engaged in drug transactions that did not implicate Soto-Lara. But the fact that these participants sometimes functioned independently did not require the district court to discredit other evidence to the contrary. "[T]he evidence need not have compelled the inference that was ultimately drawn. All that is required is that the court's choice among competing inferences be a plausible one." Brown, 298 F.3d at 123. We cannot say that the district court clearly erred by adding four levels under these circumstances. See, e.g., United States v. Cruz, 120 F.3d 1, 4 (1st Cir. 1999)(en banc)("when competing inferences plausibly can be drawn from a set of facts, the factfinder's choice between them cannot be clearly erroneous."(citation omitted)).

The government's motion for summary disposition is allowed and the judgment of conviction (and sentence) is affirmed.

---

1999). So it is here.